IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-mc-00042-BNB

RONALD ROY HOODENPYLE,

    Plaintiff,

v.

WILLIAM FRANKEL, Treasury/TIGTA,
DAVID M. GAOUETTE, U.S. Attorney,
MATTHEW T. KIRSCH, Asst. U.S. Attorney, and
MARCIA S. KRIEGER, U.S. D. Court Judge

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Ronald Roy Hoodenpyle, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. He filed *pro se* a criminal complaint (ECF No. 1) primarily pursuant to 18 U.S.C. §§ 241 and 242. Although Mr. Hoodenpyle also purports to assert claims pursuant to 42 U.S.C. § 1983, the named Defendants are federal employees. Therefore, any civil rights claims pursuant to § 1983 more properly are raised pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Hoodenpyle asks for money damages and habeas corpus relief. The remedy of release from confinement is only available to Mr. Hoodenpyle if he successfully challenges his conviction and sentence in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

The Court must construe the complaint liberally because Mr. Hoodenpyle is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review the complaint because Mr. Hoodenpyle is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court will dismiss the complaint for the reasons stated below. Although the clerk of the Court opened this action as a miscellaneous criminal action, the clerk of the Court will be directed to close this miscellaneous action and file the criminal complaint, this order, and the judgment in a separate civil action to be opened by the clerk.

Mr. Hoodenpyle contends he was falsely convicted of filing a false lien against an Internal Revenue Service agent. *See United States v. Hoodenpyle*, No. 09-cr-00013-RBJ (D. Colo. June 17, 2010). On September 27, 2010, Mr. Hoodenpyle was sentenced to twelve years of imprisonment. Judgment was entered on the docket on

September 23, 2010.  ECF No. 176 in No. 09-cr-00013-RBJ.  On February 7, 2012, the United States Court of Appeals for the Tenth Circuit affirmed the judgment and sentence.  ECF No. 243 in No. 09-cr-00013-RBJ.  On February 29, 2012, the mandate was entered.  ECF No. 244 in No. 09-cr-00013-RBJ.  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

In the instant action, Mr. Hoodenpyle contends the named Defendants conspired to incarcerate him.  The Court initially notes that Mr. Hoodenpyle does not have a private cause of action under  §§ 241 or 242.  *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (private citizens cannot compel enforcement of criminal law); *see also Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (noting that § 241 does not authorize a private cause of action).  A plaintiff cannot recover civil damages for an alleged violation of a criminal statute.  *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984); *see also Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").  The assertion of jurisdiction under §§ 241 and 242, therefore, is legally frivolous.

Mr. Hoodenpyle, who is suing Defendants because of their involvement in his criminal proceedings, may not sue the named Defendants under *Bivens.*  First of all, he may not sue the individual prosecutors in this *Bivens* action.  Defendant United States attorneys, David M. Gaouette and Matthew T. Kirsch, are entitled to absolute immunity.  This is because state and federal prosecutors are entitled to absolute immunity in §

1983 and *Bivens*-type suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978)  Mr. Hoodenpyle's allegations against these Defendants involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991).  Therefore, the claims against Defendants, Messrs. Gaouette and Kirsch, are legally frivolous based on absolute immunity or seeking relief against Defendants immune from such relief.

In addition, Defendant, the Honorable Marcia S. Krieger, is absolutely immune from liability in civil rights suits when she acts in her judicial capacity, unless she acts in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Chief Judge Krieger was acting in her judicial capacity when she convicted and sentenced Mr. Hoodenpyle; she was not acting in the clear absence of all jurisdiction.  Therefore, the claims Plaintiff asserts against Chief Judge Krieger are barred by absolute judicial immunity.

To the extent Mr. Hoodenpyle sues William Frankel of the Department of Treasury/United States Treasury Inspector General for Tax Administration (TIGTA), those *Bivens* claims also fail.  "In general, federal agencies and officers acting in their official capacities are . . . shielded by sovereign immunity."  *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005); *see also D'Addabbo v. United States*, 316 F. App'x 722, 726 (10th Cir. 2008) (sovereign immunity barred plaintiff's claims

against special agents of TIGTA, where agents were acting in official capacities). Therefore, the actions, or inactions, of Mr. Frankel for the treasury department or TIGTA in connection with Mr. Hoodenpyle's conviction and sentencing on federal criminal charges are shielded by sovereign immunity.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Hoodenpyle files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the clerk of the Court close this miscellaneous action and file the criminal complaint, this order, and the judgment in a separate civil action to be opened by the clerk. It is

FURTHER ORDERED that the criminal complaint (ECF No. 1) and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that the claims for monetary damages against improper parties are dismissed with prejudice because these claims either are legally frivolous or seek relief from Defendants entitled to immunity. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  28th  day of   February  , 2013.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court